Jawad ZAMIRI, Plaintiff,

v.

WILLIAM BEAUMONT HOSPITAL, Defendant.

Civ. A. No. 6–71753.

United States District Court, E. D. Michigan, S. D.

April 15, 1977.

Nicholas J. Rine, Philo, Cockrel, Spearman, Cooper, Rine, King & Atkinson, Detroit, Mich., for plaintiff.

Robert D. Cook, Miller, Canfield, Paddock & Stone, Birmingham, Mich., for defendant.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Jawad Zamiri, a licensed physician, initiated this action under the Sherman Anti-Trust Act, 15 U.S.C. § 1 *et seq.*, against William Beaumont Hospital claiming that defendant hospital and those doctors accorded staff privileges by the hospital have excluded plaintiff from the use of the hospital for treatment of his patients. Plaintiff alleges that "[d]efendant's actions have been carried out and are being continued in unlawful combination and conspiracy with the aforementioned group of favored physicians and surgeons in restraint of trade and commerce among the states . . .."

Defendant has moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Defendant claims that its alleged conduct has no nexus with interstate commerce, and thus the court is without jurisdiction[1] and the proscriptions of the Sherman Act do not apply to it. *Hospital Building Co. v. Rex Hospital Trustees,* 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Wolf v. Jane Phillips Episcopal Memorial Medical Center,* 513 F.2d 684 (10th Cir. 1975).

Defendant is a Michigan hospital serving patients almost exclusively from areas surrounding Pontiac, Michigan. Plaintiff is a Michigan doctor. He admits that nearly all of his patients are Michigan residents. He claims that his participation in interstate commerce is affected by his exclusion from the hospital because many of his patients receive federal medicare or medicaid assistance and had to find other doctors who have staff privileges at defendant hospital. Plaintiff claims that it is his consequent loss of federal medicare and medicaid customers that constitutes an effect on his participation in interstate commerce.[2]

The Sherman Act reaches the full extent of Congress' broad power to regulate commerce. *Hudson Valley Asbestos Corp. v. Tougher Heating & Plumbing Co., Inc.,* 510 F.2d 1140 (2d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2416, 44 L.Ed.2d 679 (1975); *Detroit City Dairy, Inc. v. Kowalski Sausage Co., Inc.,* 393 F.Supp. 453 (E.D. Mich.1975). That defendant's activities may be purely local[3] does not mean that defendant is beyond the reach of federal antitrust regulation. A restraint which is local can be the basis for an action under the Sherman Act if it has a substantial effect on interstate commerce which is not merely inconsequential, remote, or fortuitous. *Wolf v. Jane Phillips Episcopal Memorial Medical Center, supra;*[4] *Lieberthal*

---

1. See 28 U.S.C. § 1337: The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

2. Plaintiff failed to allege this in his complaint but he did present it at oral argument. Leave is granted to amend the complaint to conform to these allegations.

3. In view of their involvement in medicare and medicaid programs, this assertion may be doubted.

4. Defendants urge that *Wolf* is controlling here. *Wolf,* an osteopathic physician, sued two hospitals which had refused him staff privileges under the Sherman Act. The court held that he had failed to establish the requisite nexus between defendant's conduct and interstate commerce. Plaintiff in *Wolf,* however, did not allege a loss of federal medicare and medicaid payments as is the case here.

*v. North Country Lanes, Inc.,* 332 F.2d 269 (2d Cir. 1964).

In *Hospital Building Co. v. Rex Hospital Trustees, supra,* and *Feminist Women's Health Center, Inc. v. Mohammad,* 415 F.Supp. 1258 (N.D.Fla.1976), involvement with federal medicare and medicaid programs was considered contributing evidence of involvement in interstate commerce. In the landmark case of *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975), residents of Virginia brought an action against the Virginia State Bar Association claiming that the use of a minimum fee schedule for services performed by attorneys in examining titles in connection with financing the purchase of real estate violated the anti-price-fixing provisions of the Sherman Act. Although the real estate transactions themselves and the service of title research by lawyers were both admittedly local in nature, the Court noted that a significant portion of the funds used to buy homes in Virginia comes from out-of-state sources. Also, many loans used to buy real estate in Virginia are guaranteed by the United States Veterans Administration and the Department of Housing and Urban Development, whose headquarters are located in the District of Columbia. The Court concluded, "Where, as a matter of law or practical necessity, legal services are an integral part of an interstate transaction, a restraint on these services may substantially affect commerce for Sherman Act purposes." *Goldfarb, supra,* at 785, 95 S.Ct. 2004.

Similarly, in this case local medical service payments are a part of the interstate receipt of benefits from federal agencies in the District of Columbia. See also *Alabama Optometric Association v. Alabama State Board of Health,* 379 F.Supp. 1332 (M.D.Ala.1974) where plaintiff alleges a conspiracy to deprive its members of their right to provide or to participate in medicaid benefits, and the parties agreed that the allegation of effect on interstate commerce was not subject to attack by a motion to dismiss.

In the case at bar, plaintiff must prove that a significant proportion of his potential patients receive medicare or medicaid benefits. A more complete explication of the facts may lead to the conclusion that the effect of defendant's conduct upon plaintiff's participation in interstate commerce is in fact insignificant. However, in antitrust cases summary dismissal is to be used sparingly. See *Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Association,* 484 F.2d 751 (7th Cir. 1973); *United States Dental Institution v. American Association of Orthodontists,* 396 F.Supp. 565 (N.D.Ill.1975); *Hospital Building Co. v. Rex Hospital Trustees, supra.*

Accordingly, defendant's motion to dismiss is denied without prejudice to its right to renew that motion if at trial plaintiff fails to demonstrate that his participation in interstate commerce was substantially affected by defendant's conduct. An appropriate order may be submitted.